

UNITED STATES DISTRICT COURT
EASTERN DISTRICT
SOUTHERN DIVISION

MATTHEW JOHN-JOSEPH DILLON,

                Plaintiff,

-vs-

MICHAEL FRAZIER and
RYAN MCINERNEY,

                Defendant.

Case No. **03-40169**

PAUL V. GADOLA

Honorable

**MAGISTRATE JUDGE MORGAN**

---

BEN M. GONEK (P43716) ✓
Attorney for Plaintiff
23880 Woodward Avenue
Pleasant Ridge, Michigan 48069
(248) 291-0633

---

### COMPLAINT AND JURY DEMAND

There are no prior pending actions in this Court or any other Court relating to the factual circumstances complained of in this complaint.

### Common Allegations

NOW COMES the Plaintiff, MATTHEW JOHN-JOSEPH DILLON, by and through his attorneys and for his Complaint, states as follows:

1. Plaintiff, Matthew John-Joseph Dillon is a resident of the City of Royal Oak, County of Oakland, State of Michigan.

2. Defendants, Michael Frazier and Ryan McInerney are residents of the City of Royal Oak, County of Oakland, State of Michigan and are being sued in their individual capacities.

3. The events giving rise to this cause of action occurred in Oakland County, Michigan.

4. The amount in controversy is greater than Seventy-Five Thousand and 00/100 ($75,000.00) Dollars and this Court has jurisdiction pursuant to 28 USC, Section 1331 and 1367, as well as, 43 USC Section 1983, 1985.

5. At all times relevant to this cause of action, Defendants Frazier and McInerney were police officers employed by the City of Royal Oak and acting under color of law.

6. At all times relevant to this cause of action, Defendants Frazier and McInerney were not acting in the pursuit of any legitimate governmental function and thereby cannot avail himself to the defense of governmental immunity.

7. On or about, August 3, 2001 at approximately 11: 15 p.m., Plaintiff was stopped and approached by Defendant Ryan McInerney. Defendant McInerney issued a traffic citation for littering and failure to wear a seat belt.

8. During the stop, Defendant McInerney wrongfully detained and arrested Mr. Dillon for disorderly conduct.

COUNT I
FALSE ARREST

9. Plaintiff by this reference incorporates paragraph one (1) through eight (8) as if more fully stated herein.

10. Defendant McInerney's act of deliberately detaining Plaintiff which was in

wilful and wanton disregard for the law was deliberately indifferent to Plaintiff's right to be free from false arrest.

11. As a direct and proximate cause of Defendants violating Plaintiffs civil rights, Plaintiff suffered humiliation, embarrassment, loss of enjoyment in life and other damages.

## COUNT II
## FALSE IMPRISONMENT

12. Plaintiff by this reference incorporates paragraph one (1) through eleven (11) as if more fully stated herein.

13. By initiation and completion of the false arrest carried out by Defendant McInerney, Plaintiff was taken into custody and detained at the Royal Oak Police Department.

14. As a result of this incarceration, Plaintiff suffered annoyance, humiliation and other damages directly related to the infringement on his civil rights.

## COUNT III
## MALICIOUS PROSECUTION

15. Plaintiff by this reference incorporates paragraph one (1) through fourteen (14) as if more fully stated herein.

16. Defendant McInerney initiation of a criminal prosecution against the plaintiff which resulted in his arrest coupled with his lack of probable cause to initiate and/or maintain the prosecution led to Plaintiff's false imprisonment.

17. Defendants actions were malicious in nature, intentional, unjustified, reckless, and deliberately indifferent to plaintiff's rights under the law.

18. As a proximate result of the aforementioned wrongful conduct of the Defendant, Plaintiff suffered serious injury to his body and mind, mental anguish, pain and suffering, loss of enjoyment of life, humiliation, and degradation.

## COUNT IV
## VIOLATION OF 42 U.S.C. 1983

19. Plaintiff by this reference incorporates paragraph one (1) through fourteen (18) as if more fully stated herein.

20. By wrongfully detaining, falsely arresting and maliciously prosecuting Plaintiff, Defendants were deliberately indifferent to Plaintiff of his guaranteed rights and privileges secured by the United States Constitution.

21. As a proximate cause of the violation of these rights and privileges, Plaintiff was humiliated and degraded.

## DAMAGES

22. Plaintiff by this reference incorporates paragraph one (1) through twenty-one (21) as if more fully stated herein.

23. As a direct and proximate result of the actions and violations of the Defendants set forth herein, Plaintiff sustained injuries and is entitled to compensatory damages for said injuries.

24. Because of the outrageousness of Defendants McInerney and Frazier, Plaintiff is also entitled to punitive damages.

25. Pursuant to 42 U.S.C. 1983, 1985, 1988, Plaintiff is not only entitled to compensatory damages and punitive damages, but also attorney fees and court costs.

WHEREFORE, Plaintiff respectfully request that this Honorable Court grant the following relief against the Defendants, Michael Frazier and Ryan McInerney.

A. Compensatory and punitive damage in an amount which is fair, just and reasonable;

B. Exemplary damage in an amount which is fair, just and reasonable; and

C. Such other and further relies as this Honorable Court may deem appropriate, including costs, interest and attorney fees pursuant to 42 USC 1983, 1985, 1988.

Respectfully submitted,

_____
Ben M. Gonek (P43716)
Attorney for Plaintiff
23880 Woodward Avenue
Pleasant Ridge, Michigan 48069
(248) 291-0633

DATE:     July 8, 2003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT
SOUTHERN DIVISION

MATTHEW JOHN-JOSEPH DILLON,

                Plaintiff,

-vs-

MICHAEL FRAZIER and
RYAN MCINERNEY,

                Defendant.

Case No. 03-40169

Honorable PAUL V. GADOLA

MAGISTRATE JUDGE MORGAN

---

BEN M. GONEK (P43716)
Attorney for Plaintiff
23880 Woodward Avenue
Pleasant Ridge, Michigan 48069
(248) 291-0633

---

## JURY DEMAND

**NOW COMES** the Plaintiff, Matthew John-Joseph Dillon, by and through his attorney,

Ben M. Gonek, and hereby demands a Trial by jury regarding the above entitled cause of

action.

Respectfully submitted,

Ben M. Gonek (P43716)
Attorney for Plaintiff
23880 Woodward Avenue
Pleasant Ridge, Michigan 48069
(248) 291-0633

DATE:    July 8, 2003